IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–1–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| GABRIEL MICHAEL BOE, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings & Recommendation Concerning Plea. (Doc. 79.) Because neither party objected, they are not entitled to *de novo* review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, the Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Boe is charged with one count of sale or transfer of firearms to a prohibited person, in violation of 18 U.S.C. §922(d) as set forth in the Interlineated Superseding Information. (Doc. 69-1.) Judge DeSoto recommends that this Court accept Boe's guilty plea as to the sole count after Boe appeared before her pursuant

1

to Federal Rule of Criminal Procedure 11.[1] The Court finds no clear error in Judge DeSoto's Findings and Recommendation and adopts them in full, including the recommendation to defer acceptance of the Plea Agreement until sentencing when the Court will have reviewed the Plea Agreement and Presentence Investigation Report.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 79) is ADOPTED in full.

IT IS FURTHER ORDERED that Boe's motion to change plea (Doc. 72) is GRANTED.

IT IS FURTHER ORDERED that Boe is adjudged guilty as charged in in the Interlineated Superseding Information.

DATED this 3rd day of December, 2024.

_____
Dana L. Christensen, District Judge
United States District Court

---

[1] Judge DeSoto's Findings and Recommendations state that Boe pled guilty to 18 U.S.C. §922(g)(d) (Doc. 79 at 1); however, after a review of the hearing minutes and the docket in this matter, the Court construes the inclusion of subsection (g) as a scrivener's error.