**JENNIFER S. CLARK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**101 East Front Street, Suite 401**
**Missoula, MT 59801**
**P.O. Box 8329**
**Missoula, MT 59807**
**Phone: (406) 542-8851**
**E-Mail:  Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 24-01-BU-DLC-2** |
| **Plaintiff,** | **SENTENCING MEMORANDUM** |
| **vs.** | |
| **GABRIEL MICHAEL BOE,** | |
| **Defendant.** | |

## INTRODUCTION

Gabriel Boe pleaded guilty to a superseding information charging sale or transfer of firearms to a prohibited person in violation of 18 U.S.C. § 922(d).  PSR ¶¶ 9-10.  The United States will move to dismiss the indictment and the superseding indictment at sentencing.  PSR ¶ 12.   Boe admitted forfeiture and a

1

final order of forfeiture was filed on February 27, 2025.  (Doc. 93.)  The presentence investigation report has calculated an advisory Guideline range of 24 to 30 months, based on a total offense level of 17 and a criminal history category of I.  PSR ¶ 73.  The United States will recommend a sentence within the advisory Guideline range ultimately calculated by the Court.

**THE OFFENSE**

Gallatin County Sheriff's Office was investigating Jason Hoover for numerous storage unit thefts.  PSR ¶ 17.  They executed a search warrant on the property where Hoover was staying in Ennis, Montana.  PSR ¶ 18.  Gabriel Boe was present on the property.  PSR ¶ 18.  Several firearms were located on the property that had been purchased by Boe.  PSR ¶ 23.  Boe admitted transferring four firearms to Hoover, knowing he was a user of fentanyl and methamphetamine.  PSR ¶ 24.

**CRIMINAL HISTORY AND RELEVANT CHARACTERISTICS**

Boe is currently in custody after failing to appear on two occasions on this case.  PSR ¶ 4.  Boe has an active arrest warrant for possession of dangerous drugs in Madison County, Montana, from of this encounter with law enforcement.  PSR ¶ 48.  He has no other criminal history.  PSR ¶ 49.  Boe began using alcohol at age 17.  PSR ¶ 61.  He has a history with marijuana, fentanyl, and methamphetamine.  PSR ¶ 62.  His most significant substance abuse revolved around use of fentanyl

2

and methamphetamine.  PSR ¶ 63.  He began using these substances after the death of one of his sisters.  PSR ¶ 63.  Boe reports he has never participated in substance abuse treatment but is interested in attending.  PSR ¶ 64.

## RECOMMENDATION

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" in light of the following factors:

- reflect the seriousness of the offense

- promote respect for the law

- provide just punishment

- afford adequate deterrence to criminal conduct

- protect the public from further crimes of the defendant

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide for restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).

In the government's view, a sentence of 24 months, followed by three-years of supervised release is sufficient but not excessive. The United States will recommend a sentence within the advisory Guideline range ultimately calculated by the Court as being sufficient but not greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a).

DATED this 4th day of March, 2025.

TIMOTHY J. RACICOT
Acting United States Attorney


*/s/ Jennifer S. Clark*
Assistant U.S. Attorney
Attorney for Plaintiff