**JENNIFER S. CLARK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**101 East Front Street, Suite 401**
**Missoula, MT 59801**
**P.O. Box 8329**
**Missoula, MT 59807**
**Phone: (406) 542-8851**
**E-Mail:  Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 24-01-BU-DLC** |
| **Plaintiff,** | **RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| **vs.** | |
| **GABRIEL MICHAEL BOE,** | |
| **Defendant.** | |

### INTRODUCTION

Gabriel Boe filed his sentencing memorandum and maintains one objection to the guideline calculation in the presentence investigation report.  Boe maintains that the application of 2K2.1(b)(5)(B) results in double counting.  Boe's objection should be overruled.

1

**ARGUMENT**

Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has been **fully** accounted for by application of another part of the Guidelines. *United States v. Holt,* 510 F.3d 1007, 1011 (9th Cir. 2007) (emphasis added). Double counting is not always impermissible. *Id.* Sometimes it is authorized and intended by the Sentencing Guidelines. *Id.*

USSG §2K2.1(a)(6)(B) sets the base offense level for three situations:

> (A) was a prohibited person at the time the defendant committed the instant offense;
>
> (B) is convicted under 18 U.S.C. §922(d), §932, or §933; or
>
> (C) is convicted under 18 U.S.C. §922(a)(6) or §924(a)(1)(A) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person.

All of these statutes have an element of transferring a firearm to a prohibited person. However, the Sentencing Commission felt that an enhancement for this behavior was appropriate. Amendment 819[1] to §2K2.1 were made in response to the Bipartisan Safer Communities Act. (Ex. A at 6). The Commission specifically amended USSG 2K2.1(b)(5)(B) to "comply with Congress's directive to include an

---

[1] https://www.ussc.gov/guidelines/2024-guidelines-manual/annotated-2024-chapter-2-e-k#2k21, 2K2.1(b)(5)(B) historical note. Amendment effective Nov. 1, 2023, https://www.ussc.gov/guidelines/amendment/819, last visited March 11, 2025.

increase for all defendants convicted under 18 U.S.C. §932, 18 U.S.C. §933, or other offenses involving straw purchasing or trafficking of firearms." (Ex. A at 8.) The new subsection §2K2.1(b)(5)(B) incorporated elements of the straw purchasing and firearms trafficking statutes to provide an increase for defendants who were engaged in the illicit transfer of firearms but would not have received the enhancement under the previous (b)(5) subsection. (Ex. A. at 8.) The Commission specifically identified §922(d) as falling in this category. *Id.* The Commission determined that the expanded specific offense characteristic at subsection (b)(5) fully implements the directive by ensuring that defendants who illegally transfer a firearm receive an increased penalty under the guidelines. (Ex. A at 9).

## CONCLUSION

Because the Commission has specifically intended for this enhancement to apply to §922(d), it is permitted and does not qualify as double counting. This Court should overrule defendant's objection to its application.

DATED this 11th day of March, 2025.

TIMOTHY J. RACICOT
Acting United States Attorney

*/s/ Jennifer S. Clark*
Assistant U.S. Attorney
Attorney for Plaintif

3